```
JAMES DAL BON
CA BAR #157942
LAW OFFICES OF JAMES DAL BON
28 NORTH 1ST SUITE 210
SAN JOSE, CA 95113
TEL (408)297-4729
FAX (408)297-4728

ATTORNEY FOR PLAINTIFF
```

*E-FILED - 6/23/09*

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EBER CONSTANZA )<br>Plaintiff, )<br>)<br>)<br>)<br>)<br>vs. )<br>)<br>)<br>PAVAN NICHENAMETLA ET AL )<br>Defendants ) | Case No: 08-5757 ~~XXX~~ RMW<br>Voluntary Dismissal of All Claims<br>Federal Rule of Civil Procedure<br>41(a)(1)(A)(i)<br>and Order Approving Settlement |

1) Pursuant to Federal Rules of Civil Procedure 41(a)(1)(i) the plaintiff hereby dismisses his case with prejudice.

2) Plaintiff further requests a Court Order approving his settlement with the Defendants. Because Plaintiff's action contains claims under the Federal Labor Standards Act (FLSA), such claims may not be settled and released without the supervision of either the Secretary of Labor or a district court. (29 U.S.C. §253; see *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).) To obtain court approval, the parties may present the proposed settlement to the court to evaluate whether the settlement is a fair and reasonable resolution of a *bona fide* dispute. (*Id.* at 1353.)

3) Plaintiff considered each of these factors in settling his case:

　　a. Defendants dispute that plaintiff is a non exempt employee

　　b. Defendants dispute the number of overtime hours worked by the Plaintiff

508626

Voluntary Dismissal With Prejudice

1

c. The total net to the plaintiff will be $21,137.75 less applicable taxes;

d. The settlement fully compensates and nets Plaintiff for his estimated overtime hours under the FSLA of $11, 640.00;

e. The settlement reflects a reasonable compromise and nets the Plaintiff more than two thirds of his liquidated damages; estimated to be $11, 423.00

f. At this stage in the proceedings it would be a waste of time and money for the Plaintiff to litigate the case in order to win an additional approximate $1000 in liquidated damages;

g. The range of recovery for the Plaintiff would be an additional $1000 or nothing if the court found him to be non-exempt;

h. In the opinion of his counsel this settlement is fair and reasonable;

i. Plaintiff is receiving a net recovery of $21,137.75 and the defendants are paying his attorney's fees and costs in addition to the net recovery.

4) On this basis the Plaintiff requests that the Entry of Default as to Defendants Safira LLC, Pavan Nichenametla and Indherit Inc. be withdrawn by the court.

5) Plaintiff requests that the Court find the settlement to be fair and reasonable given the circumstances.

6) Plaintiff requests that all parties and the entire case be ordered dismissed with prejudice.

May 19, 2009

_____s/jdb_____
James Dal Bon
For the Plaintiff
Law Offices of James Dal Bon

508626

2

Voluntary Dismissal With Prejudice

**IT IS SO ORDERED THAT:**

1) The parties' settlement is found to be fair and reasonable;

2) Entry of default against defendants be vacated;

3) The entire case is hereby dismissed with prejudice.

Dated: 6/23/09

*Ronald M. Whyte*

Hon. Ronald M. Whyte
Judge of the U.S. District Court

Read and Understood

Dated: 05/14/2009

_____
Eber Constanza
Plaintiff

3

Voluntary Dismissal With Prejudice